### THULLEN v. TRIUMPH ELECTRIC CO.

(District Court, E. D. Pennsylvania. May 26, 1914.)

#### No. 3054.

PLEADING (§ 222*)—OVERRULING OF DEMURRER—LEAVE TO PLEAD OVER.

In the absence of stipulation otherwise or unless a demurrer was interposed for delay, it is the general practice in all jurisdictions on the overruling of a demurrer to the declaration to give leave to the defendant to plead over.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 570-574; Dec. Dig. § 222.*]

At Law. Action by L. H. Thullen against the Triumph Electric Company. Sur demurrer to statement. Overruled.

Furth, Singer & Bortin, of Philadelphia, Pa., for plaintiff.

Henry S. Drinker and Abraham M. Beitler, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. It is the almost universal practice in all jurisdictions when a declaration is met by a demurrer, which the court overrules, to give leave to withdraw the demurrer and to plead over, unless, of course, the demurrer was interposed merely for delay. We assume the defendant in this case would wish this usual grace accorded to it. Even if there had been a stipulation (which there was not) that a final judgment should be entered by the court, the case would none the less (if the judgment was for the plaintiff) be required to be tried in the nature of a writ of inquiry to assess the damages for the breach of the contract alleged, unless the principle of the presumption of damages to the amount of the agreed compensation applies to this case.

If the parties will stipulate that final judgment may be entered on the present state of the record, and if for the plaintiff that the dam-

───────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ages may be assessed at an agreed sum with costs, we will dismiss and dispose of the questions raised by this demurrer and dispose of the case; otherwise we will overrule the demurrer, which we now do, and grant leave to the defendant to withdraw it and plead over, the plea to be filed within ten days. Further leave is granted to either side to move for a reargument if the suggested stipulations are filed. If no such stipulations are filed and no plea is filed within ten days from this date, the plaintiff may move for judgment.

For obvious reasons, at this stage we refrain from a discussion of the legal merits of the case.